UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeShawn Evans and Benita Evans,

     Plaintiffs,

v.                               Case No. 12-12794

United States of America,             Honorable Sean F. Cox

     Defendant.

_____/


**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

     This is an automobile accident case filed pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiffs DeShawn and Benita Evans ("Plaintiffs") allege that Customs and Border Patrol Agent Justin McCormack ("McCormack") negligently operated his government vehicle, thereby losing control, sliding into Plaintiffs' vehicle, and causing them to sustain injuries. Defendant United States ("U.S." or "Defendant") maintains that its employee, McCormack, was not negligent and that, in any event, the "sudden emergency" doctrine excuses McCormack from liability for his negligence.

     This matter is before the Court on Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. (Doc. #29). Discovery is closed and the motion has been fully briefed by the parties. For the reasons set forth below, this Court DENIES Defendant's Motion for Summary Judgment.

**BACKGROUND**

     On December 5, 2010 at approximately 10:00 p.m., the Evans family was driving in their minivan on Westbound I-94 near the Allard Exit. (*See* Traffic Crash Report, attached to Pls.' Resp.

at Ex. 6). At about that same time, Defendant's employee, Customs and Border Patrol ("CBP")
Agent Justin McCormack, was driving a marked CBP vehicle, a Ford Crown Victoria, near
Plaintiffs.  McCormack was traveling in the middle lane, while Plaintiffs were traveling in the
"slow" lane, or far right lane.  (DeShawn Evans Dep., attached to Pls.' Resp. at Ex. 3, 33:8-9).

   The parties agree that it was snowing, although they disagree as to how severe or heavy the
snow was at that time.  ((DeShawn Evans Dep., Pls.' Resp. at Ex. 3, p. 32:17-19)("it was snowing
pretty bad."); *contra* Justin McCormack Dep., attached to (Def.'s Br. at Ex. B, p. 58:8-10)("it was
lightly snowing.")). DeShawn Evans Jr., the driver of Plaintiffs' vehicle, testified that he was driving
approximately 45 miles per hour due to the inclement weather.  (Pls.' Resp. at Ex. 3, p. 32).
McCormack testified that "everybody was driving the same speed, posted speed limit of 55 . . . ."
(McCormack Dep., Pls.' Resp. at Ex. 2, p. 58).  Earlier in the deposition, McCormack testified that
he did not know how fast he was going before he lost control of his vehicle.  (McCormack Dep.,
Pls.' Resp. at Ex. 2, p. 35).

   It is undisputed that at some point, McCormack lost control of his CBP vehicle and veered
into Plaintiffs' lane, colliding with Plaintiffs' vehicle and pushing both cars all the way up the right
embankment of the expressway.  (*See* Pls.' Resp. at Ex. 3, p. 37-38).  McCormack testified that he
was "driving westbound on I-94, hit a patch of black ice, vehicle lost control.  I did as my training
instructed me to do, but in the course of attempting to regain control of the vehicle, the marked unit
struck the van."  (Pls.' Resp. at Ex. 2, p. 31:7-11)(*see also* Photographs, attached to Pls.' Resp. at
Ex. 1).  McCormack was further pressed about his knowledge regarding the cause of the accident:

> Q:   How do you know that you hit black ice?
> A:   Was not able to have control of the vehicle and I didn't see anything in the
>      road.
> Q:   How do you know that you lost control of your vehicle due to black ice

2

then?

A:    After the incident, when I was walking around, the road was slippery. There was ice.

(McCormack Dep., Def.'s Reply at Ex. L, p. 31:20-23).

Michigan State Trooper Derrick Ragsdale was the first officer to respond to the scene of the incident. He wrote in his report that the cause of the collision was "01 - Speed Too Fast." (*See* Traffic Crash Report, attached to Pls.' Resp. at Ex. 6). Trooper Ragsdale later testified in his affidavit that "[i]n situations involving a car sliding on ice, I always assign at least a "01" in the Hazardous Action section of the form; I do not have discretion to find "00-None" for this situation." (Aff. of Derrick Ragsdale, attached to Def.'s Reply at Ex. I, ¶ 8). Trooper Ragsdale also testified that he observed the icy conditions of the road at the scene. (Ragsdale Aff., Def.'s Reply at Ex. I, ¶ 6). Agent Ragsdale chose not to issue a citation to McCormack, although such an action would have been within his discretion. (Def.'s Reply at Ex I., ¶¶ 9, 10).

As a result of this incident, Plaintiff Benita Evans suffered neck and back injuries. Plaintiff DeShawn Evans, Sr. suffered a right knee meniscus tear that required surgery. Plaintiffs filed the present action against the United States on June 25, 2012.

## STANDARD OF DECISION

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Connors v. SpectraSite Comm., Inc.*, 465 F. Supp. 2d 834, 839 (S.D. Ohio 1993), quoting FED. R. CIV. P. 56(c).

"The party that moves for summary judgment has the burden of showing that there are no

2:12-cv-12794-SFC-MJH   Doc # 47   Filed 11/27/13   Pg 4 of 8   Pg ID 819

genuine issues of material fact in the case." *Connors*, 465 F. Supp. 2d at 839, *citing LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir.1993). "The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case." *Id.*, *citing Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). The plaintiff must come forth with more than a "mere scintilla of evidence" in support of his or her position in order to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 25 (1986). "The court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party." *Connors*, 465 F. Supp. 2d at 839, *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

### I.   Has Plaintiff Established A Genuine Issue Of Material Fact Regarding Whether McCormack Negligently Operated His Vehicle?

Defendant avers that Plaintiffs have no evidence that Defendant negligently operated his vehicle on the night of the accident. Defendant argues further that, even if McCormack negligently caused the accident, his negligence should be excused by virtue of the "sudden emergency doctrine." (Def.'s Br. at 3).

Plaintiffs argue that there is a genuine issue of material fact as to whether McCormack breached his duty to them. Specifically, Plaintiffs argue that McCormack violated Michigan Compiled Laws 257.401, 257.626, 257.626(b), 257.627, 257.643, and 691.1405. (Pls.' Resp. at 7).

While this Court agrees with Defendant that many of these statutes are not applicable to the case at bar, this Court nevertheless agrees with Plaintiff that a genuine issue of material fact exists as to whether McCormack violated the statute regarding speed restrictions. *See* M.C.L. 257.627. M.C.L. 257.627 states that

4

> A person operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition then existing. A person shall not operate a vehicle upon a highway at a speed great than that which will permit a stop within the assured, clear distance ahead.

M.C.L 257.627.

Moreover, "[t]he owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle whether the negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in the operation of the motor vehicle as the rules of the common law require." M.C.L. § 257.401. A person is generally required to act with "ordinary care," which is "the care that a reasonably careful person would use under the circumstances." *Case v. Consumer Powers Co.*, 463 Mich. 1, 7 (2000).

McCormack testified first that he did not know how fast he was driving, (Pls.' Resp. at Ex. 2, p. 32) but later testified that "everybody was driving the same speed, posted speed limit of 55 . . . ." (Pls.' Resp. at Ex. 2, p. 58). On the other hand, the driver of Plaintiffs' vehicle testified that he was only driving approximately 45 miles per hour due to the inclement weather. (Pls.' Resp. at Ex. 3, p. 32). Based on this conflicting testimony, there is a genuine issue of material fact as to whether McCormack operated his vehicle at a speed greater than what was reasonable and proper for the road conditions on the evening of the accident. This Court therefore finds that summary judgment would be improper on this issue.

## II.     The "Sudden Emergency Doctrine"

Defendant maintains that, even if McCormack operated his government vehicle negligently, his actions are excused by the sudden emergency doctrine. Plaintiffs respond that Defendant has failed to show that he was confronted with a "sudden emergency" prior to the crash.

5

The sudden emergency doctrine states that "one who suddenly finds himself in a place of danger, and is required to act without time to avoid the impending danger, is not guilty of negligence if he fails to adopt . . . a better method, unless the emergency . . . is brought about by his own negligence." *Socony Vacuum Oil Co. v. Marvin*, 313 Mich. 528, 535 (Mich. 1946).

The doctrine provides an excuse for violating a statute "in regards to the events that occur after the defendant discovers the emergency." *Freed v. Salas*, 286 Mich. App. 300, 333 (2009). The sudden emergency doctrine is not an excuse for negligence, but rather an excuse for a violation of a statute from which negligence may be inferred. *Id.* at 330-31.

For the sudden emergency defense to apply, the circumstances must either be "unusual or unsuspected." *Vander Laan v. Miedema*, 385 Mich. 226, 232 (Mich. 1971). "Unusual facts," for purposes of the sudden emergency doctrine, are those which vary from the everyday traffic routine confronting a motorist. *Amick v. Baller*, 102 Mich. App. 339, 341 (Mich. 1980). "Unsuspected facts," for purposes of the sudden emergency doctrine, are those which may appear in everyday movement of traffic, but which take place so suddenly that the normal expectations of due and ordinary care are modified by attenuating factual conditions. *Amick*, 102 Mich. App. at 341.

### A.   Did Defendant Waive The Sudden Emergency Defense By Not Pleading It In The Answer?

Plaintiffs argue that Defendant waived the affirmative defense of sudden emergency because it did not plead it as an affirmative defense in its answer. (*See* Pls.' Resp. at Ex. 5). Defendant claims that "sudden emergency" is not an affirmative defense that must be plead.

Defendant is correct. Under Michigan law, it is well settled that the sudden emergency doctrine is not an affirmative defense. *Szymborski v. Slatina*, 386 Mich. 339, 341 (1971). Therefore, Defendant's failure to plead sudden emergency as an affirmative defense does not constitute a

6

waiver of that defense.

**B.     A Genuine Issue Of Material Fact Exists As To Whether The Sudden Emergency Doctrine Excuses McCormack's Negligence**

Defendant argues that black ice constitutes a "sudden emergency" and that Defendant cannot be held liable for his actions once the emergency arose, including his operation of his vehicle.  (*See* Declaration of Justin McCormack, attached to Def.'s Br. as Ex. D, ¶ 6-7 ("[n]ear the Allard Exit, the Evans vehicle was in the right land and I was next to it in the middle lane . . . I hit a patch of black ice.")).  Even if black ice is an "unusual" and "unsuspected" road condition, this Court finds that a genuine issue of material fact exists as to whether the Defendant operated his car in a reasonably careful manner in the first place – for if Defendant created his own "sudden emergency" by not operating his vehicle reasonably under the circumstances, then the "sudden emergency" defense is no defense at all.  *See Vander Laan*, 385 Mich. at 231 (noting that sudden emergency doctrine will apply only if sudden emergency is "not of the defendant's own making.").

Thus, there are preliminary  issues to be resolved before this defense can operate to relieve Defendant of any liability, and they cannot be resolved at the summary judgment stage.  This Court therefore DENIES Defendant's Motion for Summary Judgment.

## CONCLUSION & ORDER

For the reasons set forth above, this Court DENIES Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56.

**IT IS SO ORDERED.**

S/Sean F. Cox                                    
Sean F. Cox
United States District Judge

Dated:  November 27, 2013

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeShawn Evans and Benita Evans,

      Plaintiffs,

v.                                           Case No. 12-12794

United States of America,                 Honorable Sean F. Cox

      Defendant.

_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record

on November 27, 2013, by electronic and/or ordinary mail.

                     S/Jennifer McCoy_____
                     Case Manager